UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONNIE REED, | ) | CASE NO.  4:10CV0012 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| BETTY H. JAGNOW, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Donnie Reed, located in the Belmont Correctional Institution, St. Clairsville Ohio, brings this action against the following employees of the Youngstown Vindicator, a newspaper: Betty H. Jagnow, Publisher; Mark Brown, Manager; and Peter Milliken, Reporter. In a rambling and often incoherent, narrative, Reed alleges that Defendants violated his constitutional rights under the First and Fourteenth Amendments by publishing untrue accounts of his trial. Reed also alleges state law "claims" for "descrational [sic] slander, scurrilous defamation of character, mental anguish, emotional distress, physical discomfort, humiliation and common law duty owed to the plaintiff."

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as

to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) *(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006) (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterions.

The First Amendment provides that Congress "shall make no law [. . .] abridging the freedom of speech, or of the press; or the right of people peaceably to assemble, and to petition the Government for a redress of grievances." The Fourteenth Amendment makes that prohibition applicable to all of the states. *Meyer v. Grant*, 486 U.S. 414, 420 (1988). The facts set forth in the complaint indicate that plaintiff is complaining about statements made against him by the defendants. He is not requesting that his personal speech be protected. Therefore, a claim under the First and Fourteenth Amendments does not exist.

42 U.S.C. § 1983 provides a remedy for actions under color of law which contravene federally protected rights, whether those rights derive from the Constitution or from a federal statute. *Abdulsalaam v. Franklin County Bd. of Comm'rs*, 637 F. Supp.2d 561, 574 (S.D. Ohio 2009) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). The statute provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress [. . .]." In order to establish liability under § 1983, a plaintiff must show that (1) he was deprived of a right secured by the United States Constitution or the laws of the United States and (2) he was subjected or caused to be subjected to the constitutional deprivation by a person acting under color of state law. *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)). Since § 1983 does not provide a source of substantive rights and does not provide redress for common law torts, a plaintiff must allege a violation of a federal right. *Davenport v. Simmons*, 192 F. Supp. 2d 812, 817-18 (W.D. Tenn. 2001) (citing *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000)).

The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, No. 1:07-cv-3684, 2008 WL 397588 at *3 (N.D. Ohio Feb. 11, 2008). A plaintiff may not state a claim under § 1983 against a private party "no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). In this case, Defendants are employees of a newspaper, and are without question private parties and not acting under color of state law. Therefore, Reed has no cause of action against these defendants under § 1983 for alleged violations of the First and Fourteenth Amendments, and his federal claim is

3

**DISMISSED**.

Plaintiff also includes state law "claims" in his complaint. When a federal claim against the defendants is dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Since the Court has granted judgment on the federal claim, the pendent state claims are hereby **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, Reed's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and his complaint is **DISMISSED**. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 4, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**